UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────X

MARGIE BROWN,

                Plaintiff,

-against-

CITY OF NEW YORK,

                Defendant.
─────────────────────────────────────X

MARGIE BROWN,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.
─────────────────────────────────────X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

17-CV-02281 (LDH)(ST)

17-CV-5836 (LDH)(ST)

LaSHANN DeARCY HALL, United States District Judge:

Pro se Plaintiff Margie Brown brings this *in forma pauperis* action against the City of New York, seeking damages for the alleged dangerous conditions and negligent treatment she has received while housed at a local New York City shelter for homeless citizens. She also alleges that despite multiple attempts, she has been unable to obtain her medical records from the New York City Department of Homeless Services ("DHS"). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaints as set forth below.

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

1

action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). The Court construes Plaintiff's pleadings liberally because Plaintiff is pro se and alleges civil rights violations. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sharpe v. Conole,* 386 F.3d 482, 484 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

## II. Discussion

### A. Duplicative Claims

#### 1. Plaintiff's Claims in *Brown v. City of New York*, 17-CV-5836 (LDH)(ST)

On April 10, 2017, Plaintiff filed the complaint in docket number 17-CV-2281 (LDH)(ST) in this Court. On August 16, 2017, Plaintiff filed a second complaint in the Southern District of New York. *See* Compl., *Brown v. City of New York*, No. 17-CV-5836, ECF No. 2 (E.D.N.Y.). By Order dated September 21, 2017, the Southern District of New York transferred that action to this Court upon finding that such a transfer was appropriate "in the interest of justice" as "Plaintiff filed a substantially similar complaint in the Eastern District of New York, and that action is pending." *See* Transfer Order, *Brown v. City of New York*, No. 17-CV-5836, ECF No. 3 (E.D.N.Y.). The Court has compared the two complaints and agrees with the Southern District's assessment that the complaints are substantially similar. Accordingly, the second-filed complaint under docket number 17-CV-5836 (LDH)(ST) is dismissed as duplicative of the complaint in 17-CV-2281 (LDH)(ST) pursuant to the Court's general authority to manage its docket. *Curtis v. Citibank, N.A.*, 226 F. 3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

#### 2. Plaintiff's Claims Related to *Brown v. City of New York*, 16-CV-6244 (LDH)(ST)

Plaintiff also previously filed an action against the City of New York on November 4, 2016, under docket number 16-CV-6244 (LDH)(ST). In the amended complaint filed in 16-CV-6244 (LDH)(ST), Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 and alleged that her detention at 1424 Herkimer Street and/or transport to Interfaith Hospital on May 29, 2016, by

3

defendant police and fire department officers violated her constitutional rights. The parties in 16-cv-6244 (LDH)(ST) ultimately reached a settlement and, on March 20, 2018, they filed a stipulation of dismissal. To the extent that the complaint in 17-CV-2281 (LDH)(ST) raises the same claims at issue in 16-CV-6244 (LDH)(ST), those claims are dismissed. (*See* Compl. 6-7, No. 17-cv-2281, ECF No. 1.); *see also Blake v. Bentsen,* No. 95 CV 2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. July 11, 1995) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915([e])." (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

### B. Plaintiff's Remaining Claims

#### 1. Summary of Allegations

With regard to Plaintiff's remaining allegations filed under docket 17-CV-2281 (LDH)(ST), the complaint is very difficult to follow because it does not assert formal claims and it is replete with disconnected facts and references to various state and federal statutes. However, it appears that the gravamen of Plaintiff's complaint is that the Defendant has failed to protect her from alleged criminal activity at the homeless shelter where she resides, 200 Tillary Street in Brooklyn, New York ("200 Tillary Street"), which is run by the DHS. (*See* Compl. 5-7.) After a liberal review of the complaint, the Court places Plaintiff's allegations into two categories: (1) allegations related to a request for Plaintiff's mental health records and diagnosis from DHS; and (2) allegations related to a request for a safety transfer from 200 Tillary Street based on purported dangerous conditions.

As to the first category, Plaintiff alleges that she has asked DHS for her mental health records for eighteen months but has yet to receive them. (*Id*. at 5.) Plaintiff alleges that these

records are important because she wishes to be transferred from 200 Tillary Street, a "shelter for the severely [m]entally [i]ll" who are not properly monitored by the staff, to a general population shelter. (*Id*.) She states that she does not have a documented psychological illness, but that she has been housed at shelters for mentally ill persons for eighteen months. (*Id*.)

The balance of Plaintiff's complaint concerns alleged "abuse harassment threats discrimination sexual harassment and being in fear of her safety" at 200 Tillary Street and the "negligence of [the] Tillary staff." (*Id*. at 6.) Plaintiff alleges that she has experienced thirteen incidents affecting her safety in the shelter over the past six months; her twenty complaints to 311 have gone unanswered; and her seventy complaints to shelter staff have not resulted in the relief she seeks. (*Id*. at 5-6.) Plaintiff does not catalogue all thirteen incidents that have allegedly affected her safety, but, in describing some, she states that: she has been attacked five times by other residents and threatened on other occasions; someone removed her scarf and wig and cut her hair on February 20, 2017; she was awakened on October 2, 2016 by a "documented psych client standing over her and touching her"; in October 2016, someone poured blood on her bed while she was sleeping; someone stuck a needle in her foot while she was sleeping on September 21, 2016; and, clients who have threatened her have been moved into the same room as her or nearby. (*Id*.)

Plaintiff seeks to be placed in "safe suitable housing" and $1,500,000 in damages.

## 2. Section 1983

The Court liberally construes the complaint as alleging a violation of 42 U.S.C. § 1983 as the only possible basis for federal court jurisdiction over Plaintiff's complaint. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere

5

conferred by those parts of the United States Constitution and federal statutes that it describes."

*Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Even assuming *arguendo* that the City of New York were a proper party to this § 1983 action,[1] the complaint fails to state a claim because she has failed to allege the violation of a constitutional right. *First*, Plaintiff does not have a federal right to obtain a copy of her medical records from DHS; rather, Plaintiff's claim arises under state law, specifically, New York's Freedom of Information Law ("FOIL"). *See* N.Y. Pub. Off. Law §§ 84-90. Thus, DHS's alleged failure to respond to Plaintiff's requests for her medical records cannot form the basis of a claim

---

1 Plaintiff has named the City of New York as a defendant to this action but she has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of her federally protected rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort").

under § 1983. *See Collins v. City of N.Y.*, No. 05-CV-5595, 2007 WL 2455142, at *5 (E.D.N.Y. Aug. 23, 2007) (finding plaintiff failed to state a § 1983 claim related to a FOIL request because "[i]t is well settled that violations of state law are not actionable under § 1983") (citing *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985)). FOIL claims which are not resolved by the state or city agency should be brought in the New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules. *Id.*

*Second*, Plaintiff does not have a federal right to a particular housing assignment. *Jenkins v. New York City Dep't of Homeless Servs.,* 643 F. Supp. 2d 507, 512-514 (S.D.N.Y. 2009) (finding homeless citizen who sought placement in general shelter population because he disavowed his mental health diagnosis failed to state a due process claim because a homeless person does not have a liberty or property right to placement in a particular type of shelter) (citing New York State Office of Temporary and Disability Assistance Implementing Directive 94 ADM-20(V)(D)(3) ("Homeless persons do not have the right to choose their own temporary placements.")).

*Third*, although the Court is sympathetic to the difficult conditions under which Plaintiff resides, her claim concerning the violence at the hands of other residents of 200 Tillary does not state a constitutional violation. Liberally construing the pleading, Plaintiff complains that the shelter employees and other City employees to whom she has complained failed to provide care and protection as required under the Due Process Clause of the Fourteenth Amendment. This claim is one invoking the substantive component of the Due Process Clause because rather than claim that the Defendant denied her protection without the proper procedural safeguards, Plaintiff alleges that the Defendant was categorically obligated to protect her in these

7

circumstances. *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007) (noting that the Due Process Clause has "a procedural component protecting against the 'denial of fundamental procedural fairness' as well as a substantive component guarding the individual against 'the exercise of power without any reasonable justification in the service of a legitimate governmental objective'" (quoting *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 845 (1998)).

While it is true that in limited circumstances, the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals—for example, incarcerated inmates or involuntarily committed mental patients—Plaintiff's complaint does not allege such a situation. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 199–200 (1989) ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"). In fact, Plaintiff is free to leave the shelter. *Carter v. City of New York*, 2014 WL 4953641, at *3 (S.D.N.Y. Sept. 30, 2014) (dismissing § 1983 claim where the plaintiff "was not in custody" and did not "allege that the City restricted his freedom of movement in any way"). Furthermore, Plaintiff has not alleged any exceptional circumstances, such as a "special relationship" or state-created danger, that would give rise to a constitutional obligation. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993) (citing *DeShaney*, 489 U.S. at 201) ("in exceptional circumstances, a governmental entity may have a constitutional obligation to provide . . . protection, either because of a special relationship with an individual, . . . or because the governmental entity itself has created or increased the danger to the individual.").

The complaint also fails to allege any affirmative conduct on the part of the employees of 200 Tillary Street which resulted in harm to Plaintiff. *Lombardi*, 485 F.3d at 79 ("[o]nly an affirmative act can amount to a violation of substantive due process" and "[i]t is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm or failed to warn the individual of that danger"). Plaintiff alleges that the shelter employees failed to act and were negligent in their operation of the shelter, but this is not enough. *Pena v. DePrisco*, 432 F.3d 98, 110 (2d Cir. 2005) ("A failure to interfere when misconduct takes place, and no more, is not sufficient to amount to a state *created* danger.") (emphasis in original). Thus, Plaintiff's § 1983 claim that City employees failed to shield her from private violence at the shelter also fails to state a claim and is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *DeShaney*, 489 U.S. at 196 (the function of the Due Process clause is "to protect the people from the State, not to ensure that the State protect[s] them from each other.").

## III. Conclusion

Accordingly, the complaint in *Brown v. City of New York*, 17-CV-5836 is dismissed as duplicative of the complaint in *Brown v. City of New York,* 17-CV-2281 (LDH)(ST). As to *Brown v. City of New York,* 17-CV-2281 (LDH)(ST), Plaintiff's claims regarding the incident that occurred on May 29, 2016 are dismissed as duplicative of the claims in *Brown v. City of New York*, 16-CV-6244 (LDH)(ST). With regard to Plaintiff's remaining claims, the Court is sympathetic to Plaintiff's frustration in seeking reasonable safety at a homeless shelter, however, her complaint does not support relief under federal law and is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ LDH
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
April 12, 2018